·THE STATE, EX REL. BORDERS, APPELLANT, *v.* JEFFERSON LOCAL SCHOOL DISTRICT ET AL., APPELLEES.

[Cite as State, ex rel. Borders, v. School District (1979), 59 Ohio St. 2d 109.]

(No. 79-57—Decided July 18, 1979.)

110

Messrs. Lucas, Prendergast, Albright, Gibson, Newman & Gee, Mr. Peter J. Gee and Mr. Robert J. Walter, for appellant.

Mr. R. David Picken, prosecuting attorney, and Mr. Glenn S. Hamilton, for appellees.

Per Curiam. Appellant contends that R. C. 3319.081 (A)* required that she receive a two year contract when she was employed as a playground aide for the remainder of 1976-77 school year since she had previously worked for the Board of Education of the Jefferson Local School District. Thus, she claims that her employment could not be terminated at the end of that school year except for cause pursuant to R. C. 3319.081 (C).

Appellant's contention must be rejected. R. C. 3319.081 (A) applies only to "*regular* nonteaching school employees." (Emphasis added.) A noon-time playground aide who works only part-time and whose position is funded on a year-to-year basis is not a regular nonteaching school employee within the meaning of the statute. Thus, R. C. 3319.081(A) is not applicable and appellant was not entitled to a two year contract when she was hired to replace another playground aide on January 11, 1977.

The judgment of the Court of Appeals is, therefore, affirmed.

Judgment affirmed.

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

---

*R. C. 3319.081(A) provides:

"Newly hired regular nonteaching school employees, including regular hourly rate and per diem employees, shall enter into written contracts for their employment which shall be for a period of not more than one year. If such employees are rehired, their subsequent contract shall be for a period of two years."